IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ABBEY BRIDGES
CONSTRUCTION CO., LLC,
D/B/A ABBEY BRIDGES
CONSTRUCTION                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:21-cv-63-NBB-RP

KROGER LIMITED PARTNERSHIP I,
R.W. SMITH COMPANY, AND
WESTERN SURETY COMPANY                                                                        DEFENDANTS

# **ORDER**

This cause comes before the court upon the defendants' motion to stay and compel arbitration. Upon due consideration of the motion, response, exhibits, and applicable authority, the court is ready to rule.

The plaintiff, Abbey Bridges Construction, is a Mississippi limited liability company with its principal place of business in Batesville, Mississippi. It filed its amended complaint on July 19, 2021, seeking payment and lien enforcement pursuant to Miss. Code Ann. §§ 85-7-401, *et seq.*, against Western Surety Company and R.W. Smith Company.[1] Kroger contracted with Smith to do certain construction work on Kroger's property in Lafayette County, Mississippi. Smith sub-contracted with the plaintiff to do certain concrete and other construction work on the property as part of the overall project.

Bridges alleges that it has substantially performed and completed the work for which it has submitted invoices in the amount of $621,750.07 and that Smith has breached the contract and still owes Bridges the amount of $173,695.27. Smith obtained a bond pursuant to Miss.

---

[1] The original complaint was filed in the Chancery Court of Lafayette County, Mississippi, against Kroger Limited Partnership I and R.W. Smith Company. After the case was removed to this court on March 25, 2021, the plaintiff voluntarily dismissed Kroger and added Western Surety Company as a defendant.

Code Ann. § 85-7-415 that released the Claim of Lien. Western is the surety company for the bond.

Smith filed a motion to compel arbitration shortly after the original complaint was removed to this court. Smith supplemented this motion subsequent to the plaintiff's filing of the amended complaint. Western joined the motion once it was brought in as a defendant. Smith asserts that "[w]hether the Surety will be obligated to make any payments to Abbey Bridges can only be determined after adjudication of the claims between Abbey Bridges and R.W. Smith in an arbitration proceeding." [Doc. 35 at 2]. Indeed, "[t]he surety's liability and obligation are the same as the principal's, and the surety is liable only if the principal is liable." *Fid. & Guar. Ins. Co. v. Blount*, 63 So. 3d 453, 460 (Miss. 2001). The plaintiff did not respond to Smith's supplement or Western's joinder; thus, it is not entirely clear whether the plaintiff continues to oppose the matter, but the court will assume that the plaintiff stands by its original opposition to the motion to compel arbitration.

The subcontract between Smith and Bridges contains what appears to be a valid arbitration agreement. The agreement states, in pertinent part, "For any claim or dispute arising out of or related to the Subcontract Documents, or the breach thereof, and if such claim or dispute is not otherwise waived or resolved by Contractor's decision or through direct negotiations between the parties, then it shall be resolved in arbitration unless Contractor in its sole discretion demands binding litigation…." [Doc. 3-1].

Smith, joined by Western, asks this court to enforce this arbitration agreement and stay this lawsuit pending arbitration. The plaintiff presents only one argument against enforcement – that the arbitration agreement is substantively unconscionable because it lacks mutuality and consideration. As the defendants note, however, the Mississippi Supreme Court is clear that

2

"mutuality of obligation is not required under Mississippi law for a contract to be enforceable, as long as the underlying contract was supported by consideration." *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So. 2d 446, 453 (Miss. 2004).

"Substantive unconscionability is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." *Dalon v. MS HUD Ocean Springs LLC*, 283 So. 3d 90, 95 (Miss. 2019). The plaintiff argues that because only the contractor has the authority under the agreement to demand arbitration, the agreement is one-sided, oppressive, and unconscionable. An arbitration agreement is not voided simply because it is one-sided, however. *See Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F. Supp. 2d 655, 659 (S.D. Miss. 2000) ("[T]he arbitration clause is not unenforceable solely because it is one-sided."). "[A]s long as the underlying contract was supported by consideration," the agreement to arbitrate is not substantively unconscionable. *Hardy*, 866 So. 2d at 453. Further, the courts do not require a recital of consideration, and any mutual promise constitutes consideration. *Id.* at 452. *See Singleton v. Goldman*, 2011 WL 3844180, at *3 (S.D. Miss. 2011) (rejecting "the proposition that under Mississippi law, a contract may only be found to be supported by consideration if it contains a specific recital as to consideration"); *see also First Family Fin. Servs., Inc. v. Fairley*, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001) (finding sufficient consideration in the generic recital "in consideration of the mutual promises made in this agreement").

The subcontract at issue here nevertheless contains a recital of consideration. It provides, "In consideration of the full and complete performance of the covenants and agreements herein," including the agreement to arbitrate, R.W. Smith agrees to pay Abbey Bridges $589,968.00.

3

[Doc. 3-1, § 3]. Further, the arbitration agreement itself contains consideration. Smith and Bridges made mutual promises therein, including, inter alia, that "all costs and expenses of the arbitration, including reasonable attorneys' fees and witness fees" will be paid by the non-prevailing party and "[c]ompensation of the arbitrator shall be divided equally between the parties." [Doc. 3-1, § 15]. In *New South Fed. Savings Bank v. Anding*, 414 F. Supp. 2d 636, 643-44 (S.D. Miss. 2005), the court found that a mutual promise to waive attorneys' fees, waive a jury trial, and waive a right to claim punitive damages each constituted sufficient consideration for the agreement to arbitrate. Likewise, the consideration in the present case is sufficient.

The plaintiff concedes that both the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and the Mississippi Construction Industry Arbitration Act, Miss. Code Ann., §§ 11-15-101, *et seq.*, favor the arbitration process. Further, it is well settled that "[a]ll doubts concerning the scope of arbitrable issues, the construction of the contract language, and asserted defenses to arbitration must be resolved in favor of arbitration" under Mississippi law. *Slater-Moore v. Goeldner*, 113 So. 3d 521, 528 (Miss. 2013).

Accordingly, the court finds that the arbitration agreement should be enforced, and the defendants' motion to compel arbitration should be granted. It is, therefore, **ORDERED** that the defendants' motion to compel arbitration is **GRANTED**, and this case is stayed pending a resolution of the arbitration.

This 31st day of March, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

4